García v. American R. R. Co. of Porto Rico.

Apelación procedente de la Corte de Distrito de Mayagüez.

No. 734.—Resuelto en mayo 28, 1912.

Daños y Perjuicios—Prueba Contradictoria—Causa del Accidente.—En los
casos de prueba contradictoria la apreciación que de la misma haga el tribunal
sentenciador, no será revocada a menos que se demuestre que obró influído
por pasión, prejuicio o parcialidad, y que haya incurrido en manifiesto error.

De acuerdo con esta doctrina, habiendo el tribunal sentenciador estimado que el accidente, en este caso, no fué casual, sino debido a culpa y negligencia de la demandada, tal apreciación debe quedar en pie.

ID.—MONTANTE DE LA INDEMNIZACIÓN—GASTOS—GOLPES Y DOLENCIAS DEL LE-SIONADO.—Apareciendo de la prueba aportada al juicio en este caso que la demandante sufrió golpes que le produjeron un aborto con las dolencias consiguientes al mismo, aunque es cierto que sólo se probaron sesenta y ocho pesos y centavos como gastos tenidos por la demandante, para pago de medicinas y por asistencia médica, no es errónea la sentencia que fija en mil dollars el importe de la indemnización, atendiendo a todas las circunstancias de este caso y a que dicho montante está dentro de la cuantía reclamada en la demanda.

Los hechos están expresados en la opinión.

Abogados de la apelante: *Sres. N. B. K. Pettingill y Fernando Vázquez.*

Abogado de la apelada: *Sr. José Benet.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Un tren de la sociedad "The American Railroad Co. of Porto Rico" que conducía pasajeros descarriló, y volcaron sus coches el día 15 de marzo de 1910 entre las estaciones de "Filial Amor" y "San Germán."

Como consecuencia de este hecho, la demandante Dolores García Nazario alegando que era una de las pasajeras en ese tren, que por consecuencia de tal accidente cayó de bruces sobre los asientos y maderamen del coche en que viajaba, recibiendo un terrible golpe en el pecho, cerca del vientre y en todo el tronco que le produjo dolor, teniendo que guardar cama inmediatamente, y como consecuencia de dichos golpes tuvo al siguiente día un aborto que puso en peligro su vida habiendo estado retenida en cama con asistencia médica, y alegando además que ese accidente ferroviario ocurrió por culpa y negligencia de la expresada compañía y de sus empleados y sin culpa o negligencia de la demandante, concluyó pidiendo fuera condenada "The American Railroad Co. of Porto Rico" a pagarle en concepto de indemnización, la cantidad de un mil pesos y las costas.

Habiendo negado estos hechos la corporación demandada y

celebrado el juicio correspondiente, la Corte de Distrito de Mayagüez que conocía del caso, dictó su sentencia en 21 de diciembre de 1910 por la que declarando que los hechos y la ley estaban a favor de la señora demandante, ordenó que la demandada le pagara la cantidad de mil pesos en que estimó los daños sufridos por aquélla y las costas, sentencia que ha sido recurrida por la parte condenada.

Los dos primeros motivos de error aducidos por la corporación demandada en apoyo de su recurso, están basados en que la evidencia no fué propiamente apreciada por la corte inferior en cuanto a las causas que motivaron el descarrilamiento y vuelco de los coches del tren, y en cuanto a la existencia del aborto alegado por la señora demandante.

Respecto de estos dos extremos se presentó en el juicio prueba contradictoria y al condenar la corte de distrito a la corporación demandada y apelante, decidió el conflicto de la evidencia en el sentido de que el accidente no fué casual sino debido a culpa y negligencia de la demandada, por haber colocado impropiamente un guarda-rail en la vía por donde corría el tren y en el sitio donde el accidente ocurrió; y también decidió, que como consecuencia del vuelco del coche en que viajaba la demandante, ésta padeció los golpes y aborto que alega.

Como el juez sentenciador tenía facultad para decidir el conflicto de la evidencia y como no se ha alegado ni demostrado que en el ejercicio de dicha facultad procediera con pasión, prejuicio o parcialidad, ni encontramos que haya incurrido en manifiesto error, debemos aceptar su decisión en ese respecto.

El tercero y último error descansa en haber concedido la corte mil pesos como indemnización cuando solo se probaron sesenta y ocho pesos y centavos como gastos tenidos por la demandante para pago de medicinas y por asistencia médica.

A pesar de ser cierto que sólo se han justificado esos pagos, sin embargo, como de la prueba aparece que la demandante sufrió también golpes que le produjeron un aborto con

las dolencias consiguientes al mismo, fijada la indemnización atendiendo a todas estas circunstancias y dentro de la cuantía reclamada en la demanda, no vemos razón para sostener que se cometió el error que se alega y así lo hemos resuelto ya en los casos de *Díaz* v. *San Juan Light & Transit Co.,* 17 D. P. R., 69; *Ramírez* v. *The American Railroad Co. of Porto Rico,* 17 D. P. R., 464; y *Hernández* v. *American Railroad Co. of Porto Rico,* resuelto en abril 24 de 1912.

En vista de lo expuesto, no vemos razones para revocar la sentencia, la que debe ser confirmada, desestimándose el recurso.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados MacLeary, Wolf y del Toro.